First case up this morning is 417-0576. People v. James Howe. For the appellant it is William Bigg. You are he, sir? Yes, sir. And for the appellee, Aaron Wilson Ligler. Is that pronounced correctly? I don't think it is. Ligler. Ligler. Ligler. Yes, sir. Thank you. Okay, Mr. Bigg, you may proceed, sir. Thank you. May it please the Court and Counsel. Your Honor, I would like to use my time this morning to really focus on the first issue in our brief, which is the subpoena issue. And fundamental in our argument is this. A subpoena is not discovery. A subpoena is separate from discovery. And the mere fact that a party may not be entitled to discovery doesn't mean that a party cannot issue a subpoena. We've had a number of cases in Illinois about that in other contexts. Did the trial judge say you couldn't issue a subpoena or that the subpoena was overly broad? Well, the trial judge did caution on the basis that it was overbroad as a, quote-unquote, fishing expedition. Why didn't you attack it on that basis? Well, Your Honor, we are saying that it was made in good faith. It was not overly broad. And so, Your Honor, basically, here's what I would say about it. You claim it was error issued for denying the subpoena, period, intending that you had an absolute right to subpoena. Yes. The trial judge said it was just overly broad. Did you then come back and issue a new subpoena? Well, Your Honor, the subpoena was quashed the day of the hearing and my motion for continuance was denied, so there's no opportunity to issue a new subpoena at that point. Did you indicate that that was one of the reasons why you needed to continue? I did not, Judge. That's true. Did you tell the court anything as to what it was you could obtain through the continuance that you really needed in order to proceed in this case? At the time that I sought a judge, the basis for it was that the first amended petition and the supplement to the first amended petition had been filed an extremely short amount of time in the very week prior to this hearing, okay? And because so little time had passed between their filing, I was not able to investigate what, if anything, I needed to be able to do. So, of course, at that point I have allegations that pertain to some new things that, again, logistically. Client is in custody. Scott County, like a number of counties in Illinois, the jail isn't even there. So, you know, I've got a client who's in custody elsewhere and I've got a, you know, these additions that I received the week before. So, yes, they do ask for a continuance on that basis. This is the morning of the trial. I don't mean to interrupt. Yes, that's correct, Judge. That's correct. So, back to the issue of subpoena, I would say I believe that we have argued both that it was incorrect to quash the subpoena period. And that's both for the reasons that the State raised and for the reasons that the Judge raised with respect to the overbreath issue. The subpoena sought materials that were created over a period of time less than four months. So, Your Honor, it said from February 22, 2017 to present. It was served on June 14, 2017. That is not a long period of time. It saw records pertaining to supervision of my client in that less than four month period of time and correspondence between the supervising agent and the treatment provider in that less than four month period of time. That was pretty narrow and not in any way unreasonably burdensome. And again, the fishing expedition language from Cannon is, again, going back to the four basic things that the proponent of the subpoena must be able to show. It's evidently irrelevant, not otherwise reasonably procurable by the exercise of due diligence, requesting party cannot properly prepare for trial without such production, application is made in good faith and not intended as a general fishing expedition. So, the general fishing expedition, for example, the case where the defense sought statistical documents from the Cook County State's Attorney regarding cases in which they chose to proceed on a probation violation before a new charge. It's nothing directly having to do with the allegations. Here, we serve a subpoena that asks for, yes, all the records, but between this very small amount of time. As the common law record reflects, this case had a history of amended and supplemental petitions in it that had happened the previous time. And so, while I did not know what exactly was forthcoming, I mean, let's put it this way. Did you point out what it was in those records that you thought would be relevant to the allegations that were before the court? Well, I mean, fundamentally, Judge, the trial court was aware from the previous proceedings that there is a log created by a parole agent. They call it an AMS log. Reflecting their actions, whenever the respondent calls in, things that they tell the person under supervision, there's this log. It was a big part of the evidence in the previous parole revocation proceeding, which was denied. And the court would have been very familiar with the fact that these are part of the materials that are always in a parole supervision file. Would you point that out to the trial court? I cannot recall if I said at the time of that argument that this log was obviously something I'd like to have. So I can't say if I argued it that morning, Judge. Isn't the question before us whether the trial court abuses discretion in the motion to subpoena? It is, Judge. Yes, Judge. Well, when we evaluate whether the trial court abuses discretion, don't we have to consider all the matters and arguments and everything presented to the trial court in the context that it's exercising that discretion? Yes, Your Honor. You're asking us to reverse the trial court without your, at the time, responding significantly, if at all, to the trial court's question of what is it you're seeking and why are you seeking it? That's really the key question, isn't it? I believe that – yes, Your Honor, I understand that. I believe that if you review the oral argument that was had the morning of – it was a relatively brief argument and then the court made its decision on that issue. Would it be fair to say that the trial court perceived your subpoena as an effort to get around the lack of discovery? Well, that's our concern, Judge, and again, certainly we know that the state perceived it that way. So what did you do to dissuade the court or the state in believing that that was really the purpose behind the subpoena? On the record. Sure. Judge, again, our response – well, again, our written response to the state's arguments were that the fact that we are not entitled to rule-based discovery does not mean that we cannot use the compulsory process of the court to obtain materials. And the court didn't disagree with that. It just simply said that it felt that the subpoena was overly broad. Right. Yes, Judge. You are correct in that the court denied it on a different basis than the state argued. That is true. So to follow up on what Justice Steigman said, if the issue before us was the trial court said you're not entitled to file a subpoena, I'm denying you the opportunity to file a subpoena, we'd be in a substantially different footing than, no, I think this subpoena is overly broad and official. I understand that, Your Honor, and I appreciate your point. Again, I think if you review the arguments the morning of the hearing, the state's argument had to do with whether we could issue the subpoena at all. And that was the argument that we were responding to, both in writing and orally the morning of the hearing. The judge's ruling, the trial court's ruling, was on the basis of it was being overly broad. But that's not a point that I had been given the opportunity to respond to because it's not the argument that the state was making. Did you make an offer of proof? Your Honor, I think it's fair to say that I did not, at the time that the judge ruled, ask to make an offer of proof in that I was – did not contemplate how I would make such an offer of proof regarding the – Well, it seems as if what you're saying is the state was improperly arguing that you didn't have the right to subpoena these records. And the court essentially agreed, but addressed, maybe even sort of responded to the question of, well, you may have the right, counsel, but is this subpoena overly broad? Right. At which point, now you have to address the court's concerns. And when you say, well, we're ready to go, if the subpoena's important and you really need this information, given what the court said, isn't the appropriate response to say, judge, it's not overbroad and here's why. Or, if you think this is overbroad, then we can more narrowly tailor it to get what we want, and we need a short continuance of this proceeding so that we will then be prepared for it. Wouldn't that be the appropriate response? I understand the court's point on that, and I appreciate that. I think that at that time, given that the basis that the trial court presented, which was that it was a – certainly, we did not perceive it as a fishing expedition in any way for the reasons that I just described in terms of how we had tailored it. It was unclear, I think, to us how we could more – again, at that point, by the day of the hearing, we've got a number of different allegations that encompass a number of different areas. And it may be that perhaps the better course would have been to seek a continuance for the reason that we want to issue a new, more narrow subpoena. It seems to me your choices at that point were two-fold. Either seek a continuance and seek a more narrowly tailored subpoena, or proceed, lose, and come complaining to us about the trial court's exercise of discretion. After having offered – After having not assisted the court at all. So between those two, it doesn't look like you've made the right choice here, Counselor. Well, I understand that, Your Honor. Does the court have any other questions? Thank you. Thank you, Counsel. Ms. Legler? May it please the Court. Good morning, Your Honors. My name is Erin Wilson-Legler, and I appear on behalf of the State. Your Honors, I'd like to start by first discussing the fact that any error that Respondent can establish in this appeal is harmless, rendering this appeal essentially moot. In its order revoking Respondent's conditional release, the trial court concluded, among other things, that Respondent also violated paragraph 16 of the order for his conditional release by entering exclusion zones without authorization, those exclusion zones being his father's and grandfather's homes. This paragraph 16 allegation is entirely independent of Respondent's arguments in this appeal. It is unrelated to the request for a continuance because it was contained in the original petition to revoke conditional release. It is unrelated to the subpoena due to Steekem because it would not have garnered any additional information pertaining to those allegations. And it was also not challenged on appeal. Consequently, even if this Court were to conclude that the trial court abused discretion, the paragraph 16 conclusion had no bearing on those decisions. Because this allegation is entirely independent of Defendant's arguments on appeal, any error that he is able to establish is harmless, and the revocation of his conditional release must stand because Section 10 of the Sexually Dangerous Persons Act mandates revocation of conditional release upon a violation of any condition of the order. Notwithstanding, Respondent's substantive claims lack merit. Pursuant to DeWitt, Kish, and Foster, each of which is discussed at length in the State's brief, Respondent was only entitled to the due process protections that are set forth in Section 5-6-4 of the Unified Code of Corrections. That section merely requires a hearing to be held within 14 days, wherein the evidence is presented in open court with the right of confrontation, cross-examination, and representation by counsel. The record affirmatively demonstrates that Respondent received the benefit of those protections, and he does not argue otherwise in this appeal. He instead argues that due process requires that he be furnished with a copy of all of the evidence against him, which is contrary to the arguments that he makes in his oral argument. And I think that the language of the subpoena reflects that intent that he is seeking a copy of all of the evidence against him. And that ties into the trial court's finding that this was a phishing expedition. And the language of the subpoena specifically sought any and all records pertaining to the supervision of James G. Howe and any and all correspondence between yourself and Sarah Brown Foyles is not tailored in the way that Respondent argues that it is on oral argument. Nevertheless, the case law squarely rejects the idea that Respondents and revocation proceedings are entitled to any method of discovery or process beyond that encompassed by Section 5-6-4. And our Supreme Court has repeatedly held that those protections are sufficient to protect Respondent's due process rights and that those protections comply with the United States Supreme Court's decision in Gagnon. So because Respondent can point to no constitutional, statutory, or common law rights to the information sought in subpoena, the trial court's decision to quash that subpoena cannot be classified as an abuse of discretion. The trial court likewise did not abuse of discretion by denying Respondent's request for a continuance. In cases where Respondent is held in custody pending the hearing, the Section 5-6-4 requires the hearing to be held within 14 days of the petition to revoke. Here Respondent was held in custody and his hearing was scheduled for the 14th day following the filing of that petition. So had the trial court granted this motion to continue, the proceedings would have been out of compliance with Section 5-6-4. Did the Defendant offer to waive the 14 days in order to garner more time for a continuation? I don't think it was expressly offered. However, I believe that the doctrine of invited error would prevent any sort of due process claim. But the trial court was still entitled to comply. If he really wanted a continuance, he could have said, Judge, my client is willing to waive the 14 days. Yes. And we need some additional time. He could have, Your Honor. I did not see that in the record, no. But that goes into the fact that these proceedings work on a quick clock to begin with. The defense counsel had multiple days to consider these allegations. And these additional allegations were not in-depth, as the trial court explicitly noted in its ruling. They did not require a complex defense. They were allegations that Respondent either did do or did not do, such as possess an Internet-capable device or access the Internet. Under these circumstances, Respondent cannot persuade that the trial court's decision to deny the request for a continuance was an abuse of discretion. But even if he were able to establish that this was error, he must demonstrate prejudice in order to obtain relief. In this appeal, he fails to explain how his defense was prejudiced in any way. He does not explain what additional evidence he would have sought, any additional witnesses he would have pursued, or how he would have proceeded in any different way. In absence of such a showing, he cannot obtain the relief that he requests. Finally, the trial court's conclusions that Respondent 1. Failed to comply with treatment and 2. Possessed an Internet-capable device were not against the manifest way to the evidence. Respondent's entire argument with respect to his treatment rests on Dr. Karich's willingness to treat him. However, this argument completely ignores the fact that he was unsuccessfully discharged from his treatment with brown foils because he failed to attend sessions on several occasions. And when he did attend, he monopolized the sessions, displayed deceitful and disruptive behavior, he interfered with others' participation in group therapy, and ultimately walked out of the last session that he attended. As the trial court found below, he was unsuccessfully discharged from his treatment due to his own behavior and actions. And it is this unsuccessful discharge that constitutes a violation of the order for conditional release, specifically paragraph 9 of the order which required him to comply with treatment. Dr. Karich's subsequent willingness to treat him is irrelevant because he had already been unsuccessfully discharged and therefore was already non-compliant with the order. And finally, with respect to the Internet-capable device allegation, the trial court received evidence that Respondent had sent several text messages, including picture messages, and had sent several emails to his boss, all of which were written in the first person, and some were signed by Jim or J.H., which are Respondent's initials. Additionally, upon execution of a search warrant, several cell phone chargers and iPhone earbuds were recovered from Respondent's residence. And so taking this evidence together, the trial court's decision that Respondent, more likely than not, possessed an Internet-capable device was not against the manifest weight of the evidence, such that the opposite conclusion was clearly evident. For these reasons, Respondent's substantive arguments lack merit. However, as I noted at the outset, the paragraph 16 violation warrants revocation of Respondent's conditional release. So if there are no further questions, the State will press on the arguments in its brief. I have one short question. I'd like to revisit Mr. Bigg's argument and ask you to comment. When the parties below argued the right to issue a subpoena, the court seemed to acknowledge its familiarity with the standards that were applicable and ruled that the subpoena was overbroad. So my point in asking the question is Judge Schmidt didn't seem to accept the State's position and seemed to find, this Court seemed clear of the record, that Mr. Bigg's subpoena was overbroad, meaning the Court applied the factors and find it was overbroad. Can you comment on that? Is my recitation of what I read in the record agree with your view of the facts? No, I agree with your reading, Judge Kavanaugh. So just because the defendant is not entitled to discovery in these proceedings, the trial court still has the discretion to allow discovery if it deems it necessary. And that is illustrated by the case cited by defendant, the Cannon case. So even though they do not have the right to, the trial court still has the discretion to allow discovery and then can apply the typical test used to determine whether or not a subpoena could be quashed. Here, the trial court recognized that those standards exist and that respondent may not have had a right to the discovery, but it ultimately concluded that it did not, that it amounted to a fishing expedition. So even if he had the right, even if the trial court was willing to allow discovery, this particular subpoena was a fishing expedition and ought to be quashed. And if there are no further questions, this is the end. I see none. Thank you. Thank you. Mr. Bigg, any rebuttal, sir? Yes, Your Honor. Okay. Two points, mainly. One is with respect to paragraph 16. Saying that the subpoena materials would not have contained anything helpful or relevant to that is without a real basis because, of course, we don't have the subpoena materials in the record because we don't have them. Since you weren't fishing, you know specifically what it is in those records that would have been relevant to your defense. Judge, I don't know, and it's fair to say that I don't know, but I don't think that that means that I was fishing either. Again, it's good faith. I think that… Mr. Bigg, would it be fair to say you were just hoping that maybe there was something in there that might be of assistance? I would… Was there anything concrete at all that you could give the trial court as to why it was critical that you get this information to assist in your defense? For example, Your Honor, the… Not to me. Did you tell the trial judge what you're about to say? At the time that the court ruled that my subpoena was overbroad and quashed on that basis, Your Honor, at that time I did not attempt to offer further argument about why it was not overbroad. The trial court moved on to the next issue on the agenda that day. So, I mean, the… I don't, and perhaps if the record reveals my memory is wrong, it does. My recollection is that the trial court did not ask me about why it wasn't overbroad. The trial court ruled that it was overbroad after we argued about the… whether I could issue the subpoena at all. But that's the point. That's why I asked counsel about the statement where the court acknowledged its familiarity with the standards. The court seemed to take the issue away from the state, didn't accept the state's position that there… you had an inability at that point to issue the subpoena, and the court indicates that having considered the elements of the Cannon case and others, the court finds that it was overbroad. Right. And I… acknowledging that the issue is reviewed for abuse of discretion, my argument to this court is simply this. In this instance, the trial court did abuse its discretion in finding that this particular subpoena was overbroad. In this instance, we believe that it was sufficiently narrowly tailored to a set of records over a less than four-month period of time, bearing on the issues there. It is true that we don't know what exactly is going to be in those records, although, again, from prior proceedings in the same case, we had some idea. But at the same time, it's not… It's when subpoenas are issued to ask for a category of records over a period of time. And the reason for that is that the party issuing the subpoena does not know what the party in possession of the records has exactly. That's fundamentally the case whenever a subpoena is issued. Mr. Bigg, is it your position? I understand this was the morning of the hearing, but is it your… and witnesses are ready to go. Yes. This case proceeded. Is it your position that Judge Schmidt, in moving on, you didn't have the opportunity, you couldn't ask to make an offer of proof and do it at that time? It is, Judge, and the other problem I had is not being in possession of any materials, I did not know what I was going to make an offer of proof with. Are there any other questions? Thank you, Your Honors. Appreciate it. Thank you, Counsel. Thank you. Thank you, Mr. Maddow. The advisement and the research will be launched.